**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS S. MCKNIGHT, | Civil No. 12-1683 (RMB) |
| Plaintiff, | |
| v. | **OPINION** |
| CAMDEN COUNTY PROSECUTOR'S OFFICE, et al., | |
| Defendants. | |

**APPEARANCES**:

    LOUIS S. MCKNIGHT, #243978, Plaintiff Pro Se
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, NJ  08103

**BUMB, District Judge**:

    Plaintiff, Louis S. McKnight, a prisoner incarcerated at Camden County Correctional Facility, seeks to file a Complaint asserting violation of his rights under 42 U.S.C. § 1983 without prepayment of the filing fee.  This Court will grant Plaintiff's application to proceed in forma pauperis.  Having screened Plaintiff's Complaint, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint and decline to exercise supplemental jurisdiction.

## I.  BACKGROUND

    Louis S. McKnight brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the Camden

County Prosecutor's Office, Assistant Prosecutor Murphy, Martin Farrell and Gilberto Alicea of the Camden County Prosecutor's Office, the Public Defender's Office, Public Defender Margeau Ney, Camden County Correctional Facility, Eric Taylor, Anthony Pizarro, and Chris Fosler.  He asserts the following facts in the statement of claim:

> I was accus[ed] of aggravated assault.  I turn[ed] myself in Oct. 19, 2010.  Martin Farell and Gilberto Alicea was the investigators that interview[d] my fiancé & Martin Farell interview[ed] me.  My name is Louis S. McKnight.  My fiancé has medical records as well as I.  Mr. Martin Farell overstep[ped] his duties as far as an investigator in this case.  Mr. Martin Farell lie[d] under oath at the Camden County Grand Jury causing me to be charged with second degree aggravated assault.  If he would have reported his investigation properly I would have been charged with fourth degree or third degree aggravated assault.  I would have had a reasonable bail.  I have been sitting in this correctional facility every s[ince] 10/19/10.  First my bail was $125,000 cash or bond.  Then when I went to court my bail was reduce[d] to $75,000.  I have not been able to make bail and I sign for a speedy trial seventeen months ago.

(Dkt. 1 at 6.)

Attached to the Complaint are several documents, including letters from Plaintiff to New Jersey Superior Court Judge Blue, Plaintiff's affidavit in the New Jersey Superior Court dated May 24, 2011, regarding the circumstances of the crime for which he was charged, documents relating to an injury to Plaintiff's hand in 2010, motion to dismiss in State v. McKnight, Ind. No. 115-01-11 (N.J. Super. Ct., Law Div., Sept. 19, 2011, transcript of grand jury proceeding in Indictment No. 115-01-11 dated December

8, 2010, and Plaintiff's letters to Public Defenders dated October 13, 2011, October 29, 2011, December 28, 2011, March 5, 2012, concerning his criminal proceeding.[1]  (Dkt. 1 at 8-71.)  For relief, Plaintiff seeks "$1,500 for every day [he] was in here for second degree aggravated assault [because] it should have been fo[u]rth or third degree."  (Id. at 7.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief

---

[1] Plaintiff also attached a letter dated May 26, 2011, regarding "Class Action Suit Against Camden County Correctional Facility."  (Dkt. 1 at 23-27.)  As the identical letter is docketed in McKnight v. Taylor, Civ. No. 12-1684 (RMB) Dkt. 1 at 8 (D.N.J. filed Mar. 19, 2012), a civil rights action against the Warden of Camden County Correctional Facility concerning conditions of confinement, this Court presumes this letter was improperly filed in the present action.

that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 677. Rather, the facts set forth in the complaint must show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights. Id. This Court must disregard labels, conclusions, legal arguments, and naked assertions. Id. at 678-81. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. Id. at 678 (citations and internal quotation marks omitted); see also Bistrian v. Levy, ___ F.3d ___, 2012 WL 4335958 *8 (3d Cir. Sept. 24, 2012) ("The touchstone of the pleading standard is plausibility"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however, that the sufficiency of this pro se

4

pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

A.  Federal Claims

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, this Court will dismiss the § 1983 claims against Camden County Prosecutor's Office, the Public Defender's Office and Camden County Correctional Facility.  The Public Defender's Office and Camden County Correctional Facility are not "persons" subject to suit under § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Madden v. New

5

Jersey State Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989). To the extent that the Middlesex County Prosecutor's Office is a governmental entity which is subject to suit under § 1983, it is entitled to absolute immunity under the Eleventh Amendment. See Coley v. County of Essex, 462 Fed. App'x 157, 161 (3d Cir. 2011); Beightler v. Office of Essex County Prosecutor, 342 Fed. App'x 829 832 (3d Cir. 2009).

This Court will also dismiss the § 1983 claims against Eric Taylor, Anthony Pizarro, and Chris Fosler because the Complaint presents no factual allegations regarding these defendants.[2] See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Plaintiff also sues Assistant Prosecutor Mary Ellen Murphy for presenting false or inaccurate testimony to the grand jury and obtaining an indictment for second degree aggravated assault. However, a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," including initiation of a

---

[2] Moreover, these persons – the Warden and Deputy Wardens of Camden County Correctional Facility – are the defendants in Plaintiff's other action, McKnight v. Taylor, Civ. No. 1684 (RMB) (D.N.J. filed Mar. 19, 2012), which concerns the conditions at the jail.

prosecution and use of misleading or false testimony. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); see also Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009). Accordingly, the § 1983 claims against these defendants will be dismissed. Plaintiff sues investigators Martin Farrell and Gilberto Alicea for interviewing Plaintiff and the victim, and allegedly testifying falsely under oath before the grand jury regarding these interviews. But interviewing a witness does not violate the Constitution, and a witness who testifies (falsely) before a grand jury has absolute immunity from any § 1983 claim based on the witness's testimony. See Rehberg v. Paulk, 132 S.Ct. 1497, 1506 (2012); Briscoe v. LaHue, 460 U.S. 325, 332-33 (1983).

Finally, Plaintiff sues Public Defender Murphy. Although he does not specify in the Complaint facts showing any wrongdoing by her, Plaintiff's letters attached to the Complaint indicate that Plaintiff was dissatisfied with the quality of her representation. However, the presumed § 1983 claim against Murphy fails as a matter of law because a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant. See Polk County v. Dodson, 454 U.S. 312 (1981); Murphy v. Bloom, 443 Fed. App'x 668 (3d Cir. 2011). To the extent Plaintiff claims ineffective assistance of counsel pursuant to the Sixth Amendment, such a claim may only be brought under 28 U.S.C. § 2254 after the

exhaustion of state court remedies. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

This Court is dismissing the § 1983 claims against every named defendant. While a District Court generally grants leave to correct the deficiencies in a complaint by amendment, in this case, leave will not be granted because amendment would be futile. See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In this case, the Court is

dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## V.  CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the federal claims raised in the Complaint, and decline to exercise supplemental jurisdiction.

　　　　　　　　　　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　**United States District Judge**

Dated: November 20, 2012